UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMID AMIRI,<br><br>    Plaintiff,<br><br>v.<br><br>BAY HARBOUR CARE HOME, et al.,<br><br>    Defendants. | Case No. 15-cv-03994-JSC<br><br>**ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT; MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 68, 88 |

    This action concerns the sale of Glenn W. Groff's senior care home, Bay Harbour Care Home ("Bay Harbour") (together, "Defendants") to Plaintiff Hamid Amiri. Mr. Amiri alleges Mr. Groff breached two contracts: 1) the Business Purchase Agreement and Joint Escrow Instructions; and 2) the Lease Agreement with Option to Purchase. Now pending before the Court is Mr. Amiri's motion for partial summary judgment on three of his claims: 1) breach of contract, 2) breach of lease agreement, and 3) specific performance of the lease agreement. (Dkt. No. 68.) Also before the Court is Mr. Amiri's Motion to Strike; Reply and Objections to Additional "Facts." (Dkt. No. 88.) Having considered the parties' briefs, and having had the benefit of oral argument on October 27, 2017 and supplemental briefing following the hearing, the Court DENIES Mr. Amiri's motion for partial summary judgment, and DENIES Mr. Amiri's motion to strike.

## LEGAL STANDARD

    Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). The Court must draw "all reasonable inferences [and] resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

A fact is material if it "might affect the outcome of the suit under the governing law," and an issue is genuine if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There can be "no genuine issue as to any material fact" when the moving party shows "a complete failure of proof concerning an essential element of the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where, as here, the party moving for summary judgment would bear the burden of proof at trial, "it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal quotation marks and citation omitted). "In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case. Once the moving party comes forward with sufficient evidence, the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense." *Id.* (internal quotation marks and citation omitted). "If the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion." *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000) (internal citations omitted). However, if "a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Id*.

## EVIDENTIARY OBJECTIONS

**A. Mr. Amiri's Motion to Strike (Dkt. No. 88)**

As an initial matter, Mr. Amiri objects to some of the evidence on which Defendants rely in their summary judgment opposition. Mr. Amiri presented these objections through a separately-filed motion to strike. (Dkt. No. 88.)

Mr. Amiri's motion to strike violates Civil Local Rule 7-3(c): "[a]ny evidentiary and procedural objections to the opposition must be contained within the reply brief or memorandum." N.D. Cal - CV. L. R. 7-3(c); *see Les Fields/C.C.H.I. Ins. Servs. v. Hines*, No. 15-CV-03728-MEJ, 2016 WL 6873459, at *2 (N.D. Cal. Nov. 22, 2016) (holding that any objections not contained in

plaintiff's opposition brief are overruled for failure to comply with the Local Rule).

Accordingly, the Court DENIES Mr. Amiri's Motion to Strike; Reply and Objections to Additional "Facts."

**B. Defendants' Objections to Reply Evidence (Dkt. No. 89)**

Defendants also object to some of Mr. Amiri's Reply evidence, including: 1) Mr. Amiri's assertion for the first time that he "never tendered the [July 1, 2015 rent] check to Mr. Groff," and 2) Mr. Amiri's assertion for the first time that he "transferred $10,000 of [his] personal funds in this account into Wells Fargo account ending 4132 that was in the name of Hamid Amiri Bay Harbour Care Home." (Dkt. No. 89 at 2:16-24.) Defendants request that, if the Court considers these assertions, Defendants be granted leave to file a brief sur-reply to supply additional evidence. After the hearing, the Court granted the parties leave to submit supplemental pleadings on the issues of 1) whether Mr. Amiri paid rent under the Lease Agreement with his personal funds, and 2) whether the Lease Agreement was not to become effective until the close of escrow under the Purchase Agreement. As such, Defendants' objections are moot.

**DISCUSSION**

The Court now considers whether Mr. Amiri is entitled to summary judgment on three separate claims. Mr. Amiri argues there are no triable issues of material fact regarding 1) Mr. Groff's breach of the Purchase Agreement, and 2) Mr. Groff's breach of the Lease Agreement. Mr. Amiri also seeks summary judgment on his right to specific performance of the Lease Agreement.

**A. Breach of the Purchase Agreement**

Mr. Amiri argues that he is entitled to summary judgment on the breach of the Purchase Agreement contract claim. "A cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) the plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 228 (2014).

The second and third elements of a breach of contract claim are at issue here.[1] To meet his burden, Mr. Amiri must demonstrate there is no dispute of material fact as to 1) whether he performed his obligations under the Purchase Agreement, or was excused from performing, and 2) whether Mr. Groff breached his duties under the Purchase Agreement. Because Defendants need only show that one required element of a breach of contract claim is in genuine dispute to defeat summary judgment, the Court addresses only whether Mr. Groff breached the Purchase Agreement.

Mr. Amiri argues that every reasonable trier of fact would have to find that Mr. Groff breached the Purchase Agreement because Mr. Groff failed to send Mr. Amiri a notice to perform before cancelling the Purchase Agreement on or around July 1, 2015. Defendants dispute that the breach element is satisfied as a matter of law because Mr. Groff testified that he provided the notice to Mr. Amiri.

The parties agree that the Purchase Agreement requires Mr. Groff to deliver a notice to perform to Mr. Amiri before any cancellation right can arise (Dkt. No. 75-1 at 6 ¶ 25(C(1)); the issue is whether Mr. Groff provided Mr. Amiri with said notice.

Mr. Amiri contends that he has met his initial burden of proving that Mr. Groff breached the Purchase Agreement because 1) no notice is included in Defendants' document production in response to a subpoena demanding the production of any and all documents between the parties (Dkt. Nos. 87 at 2-4, 87-1 at 2-4), and 2) both Mr. Hilinski (Mr. Groff's real estate agent) and Mr. Capelli (Mr. Groff's former attorney) deny having provided any notice to Mr. Amiri (Dkt. Nos. 72 at 14, pg. 87:24-25, pg. 88:1-17, 73 at 6, pg. 105:16-18), in contradiction with Mr. Groff's testimony that one of them drafted the notice (Dkt. No. 83-2 at 21:22-25). Mr. Amiri also emphasizes that Mr. Groff testified "I don't know" to the specific question of whether he delivered a notice to perform rather than a writing cancelling the contract. (Dkt. No. 83-2 at 22:11-17.) Defendants respond that a reasonable jury could find that Mr. Groff delivered the requisite notice

---

[1] Although Defendants argue that Mr. Amiri's damages' evidence is insufficient, Mr. Amiri has moved for partial summary judgment, conceding that the amount of damages is a trial issue.

4

to Mr. Amiri in light of Mr. Groff's testimony to that effect. (Dkt. No. 83-2 at 21:2-6) ("Q. Okay. Before you attempted to cancel the agreement with Mr. Amiri, did you deliver to him a buyer -- to Mr. Amiri, as buyer, a notice to buyer to perform? A. Yes).

The Court cannot find as a matter of law that Mr. Groff did not deliver a notice to perform to Mr. Amiri before cancelling the Purchase Agreement. Viewing the evidence in the light most favorable to Defendants, Mr. Groff's testimony that he provided Mr. Amiri with a notice to perform supports a reasonable inference that Mr. Groff did not breach the Purchase Agreement. The Court will not assume that Mr. Groff did not send a notice simply because he later indicates that he is unsure whether he did so. *See Tolan v. Cotton*, 143 S. Ct. 1861, 1866–67 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."); *Charm Floral v. Wald Imports, Ltd.*, No. C10-1550-RSM, 2012 WL 12882005, at *6 (W.D. Wash. Feb. 10, 2012) (denying plaintiff's motion for summary judgment on defendants' tortious interference claim because the court could not assume that defendant intended to relinquish his claim through his ambiguous testimony, "I didn't put in the claim."). Viewing all inferences in Defendants' favor, a reasonable trier of fact could find that Mr. Groff provided a notice to perform to Mr. Amiri.

Thus, the Court finds that there is a genuine issue of material fact as to Mr. Groff's breach of the Purchase Agreement. For this reason, summary judgment in Mr. Amiri's favor is DENIED.

**B. Breach of the Lease Agreement with Option to Purchase**

As stated above, "A cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) the plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Rutherford Holdings, LLC*, 223 Cal. App. 4th at 228. For the purposes of the instant motion, the parties agree that there is a contract—namely, the Lease Agreement; in addition, the resulting damages, if any, are a trial issue.[2] The parties' dispute focuses on whether Mr. Amiri performed, and whether Mr. Groff

---

[2] Although Defendants argue that Mr. Amiri's damages' evidence is insufficient, Mr. Amiri has moved for partial summary judgment, conceding that the amount of damages is a trial issue.

5

United States District Court
Northern District of California

1 breached the Lease Agreement.

2     Mr. Amiri argues there is no genuine dispute of fact that he performed under the Lease Agreement because Mr. Groff accepted and cashed a check for the first month of rent due under the Agreement. On the other hand, Defendants argue that there is a genuine dispute as to whether 1) Mr. Amiri failed to pay rent for the lease under the Agreement, and 2) Mr. Amiri failed to obtain the required licenses under the Lease Agreement before he could take possession of the property.

    There is a genuine issue of material fact as to whether Mr. Amiri paid rent as required by the Lease Agreement. Mr. Amiri agreed to "pay [Mr. Groff] […] [a]nnual rent for the term of the Lease [which] shall be $60,000, plus applicable sales tax […] payable in advance in equal monthly installments of […] $5,000, on the first day of each and every calendar month …" (Dkt. No. 76 at 2 ¶ 6(a)-(b).) While the Lease Agreement was made and effective on June 3, 2015, the lease term began on July 1, 2015. (Dkt. Nos. 76 at 2 ¶ 4(a)-(b), 83-3 at 57 ("Pursuant to sections 4 and 6 of [the Lease Agreement], Mr. Amiri was to pay annual rent of $60,000 commencing on July 1, 2015.").)

    Mr. Amiri cites to a $5,000 check dated June 1, 2015 paid from Mr. Amiri's personal funds as evidence that it is undisputed that he paid the monthly rent before Mr. Groff terminated the Lease Agreement. (Dkt. No. 68 at 11:19-21 (citing Dkt. Nos. 71-1 at 11, pg. 219:1-4, 9-10, 14-24, pg. 220:5, 75 at 2:11-14, 77 at 2).) Defendants do not address the June 2015 check in their Opposition or in their supplemental briefings although it is attached to their summary judgment opposition. Instead, they submit a July 2015 check, which they argue Mr. Amiri used to pay rent using Bay Harbour funds, rather than funds from his personal account. (Dkt. Nos. 83 at 16:20-23, 83-3 at 40.) As a result, they contend there is at least a genuine dispute as to whether Mr. Amiri performed under the Lease Agreement. Mr. Amiri counters that the July 1, 2015 check was never used to pay rent and that the original check is still in his possession. (Dkt. Nos. 85 at 2:5-9, 91 at 3:19-21.) As support for his argument, Mr. Amiri points to Wells Fargo statements showing that the July 1, 2015 check was never cashed, and objects to the admissibility of the copy of the check

proffered by Defendants as lacking personal knowledge and authentication.  (Dkt. Nos. 92 at 2:12-18, 91 at 4:24-27, 5:1-2.)

The Court cannot find as a matter of law that the check dated June 1, 2015 satisfied Mr. Amiri's obligation to pay July's rent.  The check itself is dated June 1, 2015 and states in the memo line that it is for June 2015.  (Dkt. No. 77 at 2.)  This evidence supports a reasonable inference that the check did not satisfy July's rent obligation.  There may be some explanation as to why a check so dated and noted satisfied the July rent, but it is not in the record.  Counsel's argument that the June 1 check satisfied July's rent (Dkt. No. 84 at 14:24-27 (citing Dkt. No. 77 at 2)) is not evidence which compels a trier of fact to so find.  Viewing all inferences in Defendants' favor, a reasonable trier of fact could find that Mr. Amiri did not pay July's rent and thus did not perform his obligations under the Lease Agreement before it was terminated by Mr. Groff.

Thus, Mr. Amiri's motion for summary judgment on this breach of contract claim must be DENIED.  Because there is a genuine dispute as to whether Mr. Amiri performed, the Court need not address the remaining elements of the breach of contract claim.

**C. Specific Performance for Breach of the Lease Agreement with Option to Purchase**

Because Mr. Amiri has not prevailed on summary judgment on his breach of contract claim, it follows that his claim for specific performance of the Lease Agreement necessarily fails.  Specific performance is merely a remedy for breach of contract, and does not constitute a cause of action.  *See* 5 Witkin, California Procedure, Pleading § 740 (4th ed. 1997).

Accordingly, the Court DENIES summary judgment as to Mr. Amiri's claim for specific performance.

**CONCLUSION**

For the reasons described above, Mr. Amiri's Motion to Strike; Reply and Objections to Additional "Facts" is DENIED.  Mr. Amiri's motion for partial summary judgment is also DENIED.  The parties shall jointly advise the Court in writing on or before **December 18, 2017** whether they would like a referral for a further settlement conference before trial preparation begins in earnest.

This Order terminates Docket Nos. 68 and 88.

**IT IS SO ORDERED.**

Dated:  December 1, 2017

                                                              JACQUELINE SCOTT CORLEY
                                                              United States Magistrate Judge